## COMMONWEALTH vs. GEORGE E. HORTON.

Upon the trial of an indictment for adultery in one county with a woman named, evidence is not admissible that the defendant, after the time alleged in the indictment, cohabited with the same woman, then big with child, in another county, and called her his wife, and said that he had lived at the place named in the indictment.

INDICTMENT for adultery with Harriet Stiles at Taunton, in the county of Bristol, on the 1st of February 1854.

The district attorney offered to prove, by Asahel Rouse, that the defendant came to Williamstown, in the county of Berkshire, in company with Harriet Stiles, in September 1854, and boarded with the witness; that the defendant called her his wife; that the defendant told the witness he had lived in Taunton, that he was living with his second wife, that his former wife was dead, and that his wife was pregnant; and that she appeared to the witness to be big with child. The defendant objected to the admission of this evidence, but *Briggs*, J. overruled the objection, and admitted it. The defendant, being found guilty, alleged exceptions to the ruling of the court of common pleas.

*B. Sanford*, (*N. Morton* with him,) for the defendant. Under an indictment charging one act of adultery at a particular time and place, evidence of other acts at other times and places is irrelevant and inadmissible — with this single exception, that proof of prior acts may be given in explanation of acts at the time and place alleged, or in corroboration of a witness who has testified to acts at the alleged time and place. 2 Greenl. Ev. § 47, and cases there cited.

*J. H. Clifford*, (Attorney General,) for the Commonwealth. If evidence of subsequent adultery in Berkshire was not competent of itself, still the testimony of Rouse was properly admitted, for the facts testified to by him tended to prove the previous adultery at Taunton.

MERRICK, J. The indictment charged the defendant with the commission of the crime of adultery with Harriet Stiles at Taunton, in the county of Bristol. And to maintain it, it was incumbent on the Commonwealth to prove, not only the act

alleged, but the commission of it within the limits of that county. For though the particular place need not be laid strictly according to the truth, yet no conviction can be had upon proof of a criminal act done out of the county where the court, in which the indictment is found, has jurisdiction. Archb. Crim. Pl. (5th Amer. ed.) 40. And it is a universal rule, in the trial of criminal cases, that nothing shall be given in evidence which does not directly tend to the proof or disproof of the matter in issue. The prosecuting officer is not, therefore, allowed to give evidence of facts tending to prove a similar, but distinct offence, for the purpose of raising an inference or presumption that the accused committed the particular act with which he is charged. Rosc. Crim. Ev. (2d ed.) 73. Archb. Crim. Pl. 108. Giving effect to this principle, a majority of the court are of opinion that, although some portion of the testimony of Rouse might have been unobjectionable, yet all that part of it concerning the unlawful cohabitation of the parties as man and wife at Adams, in the county of Berkshire, should have been excluded ; for it tended to prove the commission of an offence, similar to that charged in the indictment, but still wholly distinct from it, both in time and place ; and was therefore in no way pertinent to the matter in issue.

Sometimes, as when an act of adultery was proved by the testimony of a witness whose credibility the defendant attempted to impeach, or when the prosecutor endeavored to show it by proof merely of collateral circumstances, prior acts of familiarity between the parties have been held admissible to render it not improbable that the act might have occurred. *Commonwealth* v. *Merriam*, 14 Pick. 518. But the unlawful cohabitation between these parties occurred after the defendant had left the county of Bristol, and proof of it was no evidence of what his conduct had been while he was there. Nor was it adapted to explain any transaction which had been shown to have taken place in that county, or to affect any evidence which had already been introduced by either party in the course of the trial, or to corroborate any witness who had been impeached, or whose veracity had been called in question.

It is laid down by Professor Greenleaf, and he is sustained by the authorities to which he refers, that when the charge is, as in this indictment, of one act of adultery only, and that alleged in a single count, to which evidence has been given upon the trial, the prosecutor is not permitted afterwards to introduce proof of other acts committed at other and different times or places. 2 Greenl. Ev. § 47. The bill of exceptions does not show whether, before the testimony of Rouse was offered, any evidence, on the part of the government, had been submitted to the jury concerning the criminal act which the defendant is charged to have committed in the county of Bristol. If there had been such, then clearly, upon the principle above stated, proof of illicit intercourse between him and Harriet Stiles elsewhere and upon another occasion could not properly have been admitted. But if no such evidence had been adduced in support of the indictment, then proof of such illicit intercourse was inadmissible, because it was wholly irrelevant to the point in issue, which related wholly to the conduct of the defendant in the county of Bristol, and not at all to any thing which was done by him in the county of Berkshire. *Exceptions sustained.*